■ RICHARD A. R. PAYNE et al., Appellants, v STANLEY Z. SELESNICK et al., Respondents. [654 NYS2d 641] —In a medical malpractice action, the plaintiffs appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated October 17, 1995, which granted the defendants' separate motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The plaintiffs allege, essentially, that the infant plaintiff suffered injuries, including torticollis (a turning of the head), as a result of a fractured clavicle and trauma to the sterno-cleido-mastoid muscle or its sheaf, which occurred as the result of the use of excessive traction employed by defendant Dr. Stanley Z. Selesnick at the time of birth, in delivering the shoulders of the infant.

The defendants moved for summary judgment supported by, among other documents, the specific and factual affidavit of Dr. Selesnick, in which he stated that there was no difficulty in the normal and spontaneous delivery, and that no forceps or any maneuver was used to deliver the infant. Dr. Selesnick further noted that there was no shoulder dystocia in this infant. Dr. Selesnick's affidavit was fully supported by the hospital records, including those of the attending pediatrician, Dr. Caballero, and the pediatric nurses, all of which show no

injury to any part of the infant's neck or shoulder area. Thus, defendants' submissions were sufficient to make a prima facie showing of entitlement to summary judgment (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325; *Kelly v St. Peter's Hospice,* 160 AD2d 1123, 1124). It was therefore incumbent upon the plaintiffs to produce evidence in admissible form to establish the existence of material issues of fact requiring a trial of the action (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

In opposition, the plaintiffs offered evidence of the infant's fractured clavicle discovered weeks after his discharge from the hospital, which evidence in no way pointed to the time or cause of the injury. The plaintiffs also offered the speculation and conclusory assertions of an expert who never examined the infant, but who opined, essentially, that there had to be difficulty in delivering the shoulders, and that, except in rare cases, traction is always used. These submissions were insufficient to defeat the defendants' motions for summary judgment (*see, Zuckerman v City of New York, supra,* at 562). Rosenblatt, J. P., Ritter, Copertino and Krausman, JJ., concur.